```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JOSE RODRIGUEZ,

                Plaintiff,
                                        TRANSFER ORDER
        -against-                       16-CV-4485(JS)(GRB)

D. PADGETT; MAGINO; SGT. P. BARG;
K. COLAO, Deputy Superintendent
for Program; WILLIAM A. LEE,
Superintendent;

                Defendants.
----------------------------------X
```

APPEARANCES
For Plaintiff:      Jose Rodriguez, pro se
                    15-A-0664
                    Sullivan Correctional Facility
                    325 Riverside Drive
                    P.O. Box 116
                    Fallsburg, New York 12733-0116

For Defendants:     No appearances.

SEYBERT, District Judge:

On August 1, 2016, incarcerated pro se plaintiff Jose Rodriguez ("Plaintiff") filed an unsigned Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against D. Padgett; Magino; Sgt. P. Barg; K. Colao, Deputy Superintendent for Program; and William A. Lee, Superintendent ("Lee" and collectively, "Defendants"), accompanied by an unsigned application to proceed in forma pauperis. By Notice of Deficiency ("Notice") dated August 10, 2016, Plaintiff was instructed to sign and return the enclosed copy of his Complaint within fourteen (14) days from the date of the Notice. On August 22, 2016, Plaintiff timely filed a signed Complaint and in forma pauperis motion. For the reasons set forth

below, this action is TRANSFERRED to the United States District Court for the Northern District of New York.

The claims alleged in the Complaint arise from an incident alleged to have occurred at the Eastern NY Correctional Facility located in Napanoch, New York and all of the Defendants are allegedly employed there. Napanoch is located within Ulster County, which is in the Northern District of New York. See 28 U.S.C. § 112(a). Under 28 U.S.C. § 1391, venue is proper "in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2).

Here, the events giving rise to Plaintiff's claims are all alleged to have occurred at the Eastern NY Correctional Facility, which is within the Northern District of New York. See 28 U.S.C. § 112(a). Thus, since all of the events and omissions giving rise to Plaintiff's claims occurred in that district, venue for this action lies there.[1] Accordingly, in the interests of justice and for the convenience of the parties and witnesses, and without offering any opinion on the merits of Plaintiff's claims,

---

[1] Additionally, there is no connection whatsoever to the Eastern District of New York given that Plaintiff is presently located at the Sullivan Correctional Facility in Fallsburg, New York. Sullivan Correctional Facility is located in Sullivan County, which is in the Southern District of New York. See 28 U.S.C. § 112(b).

this action is TRANSFERRED to the United States District Court for the Northern District of New York. 28 U.S.C. §§ 1391(b), 1404(a). The determination of Plaintiff's application to proceed in forma pauperis is reserved for the Northern District of New York. The Clerk of the Court is directed to: (1) transfer this case to the Northern District of New York forthwith; (2) mail a copy of this Order to the pro se Plaintiff; and (3) mark this case CLOSED.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: October __26__, 2016
       Central Islip, New York